IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**STEPHANIE MCGESHICK**, individually
and on behalf of those similarly
situated,

                      Plaintiff,                Case No: 15-cv-132

      vs.

**INTERNATIONAL HOUSE OF PANCAKES, LLC,**
**IHOP FRANCHISING, LLC,** and
**SAM SOLEIMANI,** d/b/a "IHOP",

                     Defendants.

---

**COLLECTIVE AND CLASS ACTION COMPLAINT**

---

**INTRODUCTION**

1.     This is a collective and class action brought by Individual and Representative Plaintiff Stephanie McGeshick ("Plaintiff") on her own behalf and on behalf of similarly situated, non-exempt, hourly-paid employees of Defendants. Plaintiff worked as a server for Defendants, who collectively operate IHOP, a chain restaurant. During her employment, Plaintiff was denied minimum and overtime wages as a result of Defendants' illegal policy of failing to pay their employees for all hours worked. Plaintiff and the putative class and collective members (defined below) are similarly situated under the Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), as they commonly suffered wage losses under this policy.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., a federal statute.

3.      As to claims under Wisconsin State law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to this action occurred in this District.

## THE PARTIES

5.      Defendants collectively operate "IHOP," a chain restaurant.

6.      Defendants collectively operate the IHOP restaurant located at 2008 N Mountain Rd., Wausau, WI 54401.

7.      Defendant INTERNATIONAL HOUSE OF PANCAKES, LLC is a Delaware business corporation with a principle place of business located at 450 North Brand Boulevard, Glendale, CA 91203.

8.      Defendant IHOP FRANCHISING, LLC is a Delaware limited liability company with a principle place of business located at 450 North Brand Boulevard, Glendale, CA 91203.

9.      Defendants INTERNATIONAL HOUSE OF PANCAKES, LLC and IHOP FRANCHISING, LLC are a single integrated enterprise.

10.  Defendants INTERNATIONAL HOUSE OF PANCAKES, LLC and IHOP FRANCHISING, LLC collectively have a gross annual revenue over $500,000.

11.  Defendants INTERNATIONAL HOUSE OF PANCAKES, LLC and IHOP FRANCHISING, LLC jointly employ persons who handle, sell, or work on goods or

materials, such as food and beverage products, that have moved in or been produced for commerce.

12.    Defendants INTERNATIONAL HOUSE OF PANCAKES, LLC and IHOP FRANCHISING, LLC jointly employed Plaintiff with respect to her position as a Server at the IHOP restaurant located at 2008 N Mountain Rd., Wausau, WI 54401.

13.    Defendant SOLEIMANI is a sole proprietorship with a business address at 8461 Santa Monica Blvd., West Hollywood, CA 90069-4218.

14.    Defendant SOLEIMANI owns the IHOP restaurant franchise located at 2008 N Mountain Rd., Wausau, WI 54401.

15.    Defendant SOLEIMANI owns several additional IHOP restaurant franchises located in States including, but not limited to:

      a.  Wisconsin;

      b.  Iowa;

      c.  California.

16.    SOLEIMANI has a gross annual revenue over $500,000.

17.    SOLEIMANI employs persons who handle, sell, or work on goods or materials, such as food and beverage products, that have moved in or been produced for commerce.

18.    SOLEIMANI employed Plaintiff with respect to her position as a Server at the IHOP restaurant located at 2008 N Mountain Rd., Wausau, WI 54401.

      a.  SOLEIMANI was at least partially responsible for determining Plaintiff's work schedule.

      b.  SOLEIMANI  was at least partially responsible for determining Plaintiff's compensation.

     c.   SOLEIMANI was at least partially responsible for supervising Plaintiff.

     d.   SOLEIMANI maintained time and payroll records pertaining to Plaintiff.

19.    SOLEIMANI paid Plaintiff by means of an entity called "IHOP # 3268."

20.    The Wisconsin Secretary of State contains no records of any identity by the name of IHOP # 3268.

21.    To the extent that "IHOP # 3268" is a legal entity, all allegations in this complaint levelled against SOLEIMANI are also levelled against such entity and any affiliated entities, and accordingly such entity(s) is hereby on notice of Plaintiff's intent to join such entity(s) to the complaint and relate any claims against such entity(s) back to the date on which this complaint was filed.

22.    Plaintiff Stephanie McGeshick is an adult resident of Kronenwetter, WI.

## FACTUAL ALLEGATIONS

23.    Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

24.    Plaintiff worked as a Server for Defendants at the IHOP restaurant located at 2008 N Mountain Rd., Wausau, WI 54401 from approximately March 2013 through July 2014.

25.    Plaintiff received an hourly wage of $2.33 per hour.

26.    Plaintiff also received tips from customers.

27.    Defendants classified Plaintiff as non-exempt from the FLSA and Wisconsin overtime law.

28.    In many weeks, SOLEIMANI required Plaintiff to work over forty (40) hours.

29.    In many weeks, Plaintiff worked over forty (40) hours.

30.     In many weeks, SOLEIMANI required Plaintiff to clock out and perform job duties which benefited SOLEIMANI, including but not limited to rolling silverware.

31.     In many weeks, SOLEIMANI altered Plaintiff's clock-in records, resulted in her being paid for less hours than she worked.

32.     In many weeks, Plaintiff's total compensation attributable to her hourly wage, divided by her total number of hours actually worked, was below $2.13.

33.     In many weeks, Plaintiff's total compensation (the sum of her hourly wage plus her tips), divided by her total number of hours actually worked, was below $7.25.

34.     In weeks in which Plaintiff's total compensation divided by her total number of hours actually worked was below $7.25, Defendants failed to make up the difference between Plaintiff's total compensation and $7.25 per hour.

35.     In many weeks, Plaintiff did not receive time-and-a-half her regular rate of pay for all hours worked in excess of forty (40).

36.     These practices are exemplified by the two-week pay period of June 9 – June 22, 2015.

37.     In this two-week pay period, SOLEIMANI paid Plaintiff for 52.49 hours of work at a rate of $2.33 per hour.

38.     In this two-week pay period, Plaintiff's total compensation attributable to her hourly wage was $122.30.

39.     In this two-week pay period, Plaintiff also made $259.05 in tips.

40.     On June 10, 2014, Plaintiff worked from 9:00 AM until 3:09 PM.

41.      On June 10, 2014, Plaintiff was only paid for work performed between 11:10 AM and 3:09 PM.

42.     On June 18, 2014, Plaintiff worked from 8:00 AM until 2:25 PM.

43.      On June 18, 2014, Plaintiff was only paid for work performed between 12:37 PM and 2:25 PM.

44.     On June 19, 2014, Plaintiff worked from 8:00 AM until 2:32 PM.

45.      On June 19, 2014, Plaintiff was only paid for work performed between 12:36 PM and 2:32 PM.

46.     On June 22, 2014, Plaintiff worked from 9:00 AM until 3:00 PM.

47.      On June 22, 2014, Plaintiff was only paid for work performed between 2:15 PM and 3:00 PM.

48.     In this two-week pay period, Plaintiff worked at least sixty-nine (69) hours.

49.     In this two-week pay period, Plaintiff's effective hourly rate, exclusive of tips, was at most $1.77.

50.     In this two-week pay period, Plaintiff's effective hourly rate, inclusive of tips, was at most $5.53.

## COLLECTIVE AND CLASS ALLEGATIONS

51.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

52.     Plaintiff and putative class members were non-exempt employees of Defendants within the three years preceding this Complaint.

53.     Plaintiff and putative class members all performed similar job duties.

54.     Plaintiff and putative class members were all subject to SOLEIMANI's compensation policies.

55.     Plaintiff and putative class members were all subject to SOLEIMANI's scheduling policies.

56.     Plaintiff and putative class members were all subject to SOLEIMANI's training policies.

57.     SOLEIMANI maintained and enforced a common policy of requiring Plaintiff and putative class members to work over forty (40) hours in many weeks.

58.     SOLEIMANI maintained and enforced a common policy of failing to pay Plaintiff and putative class members for all hours worked.

59.     SOLEIMANI maintained and enforced a common policy of failing to pay Plaintiff and putative class members time-and-a-half their regular rate of pay for all hours worked in a workweek in excess of forty (40).

60.     SOLEIMANI maintained and enforced a common policy of paying Plaintiff and putative class members an effective hourly rate for hours below forty (40) in a workweek that was below the federal minimum wage.

## FLSA COLLECTIVE ALLEGATIONS

61.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

62.     Plaintiff brings this collective action on behalf of herself and all similarly situated, non-exempt employees of SOLEIMANI pursuant to 29 U.S.C. § 216(b).

63.      The FLSA collective is defined as: **All individuals who were employed by SOLEIMANI as hourly-paid, non-exempt employees at any time within three (3) years prior to the filing of this complaint and present.**

64.     Plaintiff and members of the proposed collective are victims of Defendants' widespread, repeated, systematic, and consistent illegal policies that have resulted in violations of their rights under the FLSA and that have caused significant damage to Plaintiff and members of the proposed collective.

65.     Defendants willfully engaged in a pattern of violating the FLSA as described in this Complaint in ways including, but not limited to, knowingly requiring employees to work off the clock and failing to pay them minimum wages and overtime compensation.

66.     Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

67.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff and other similarly situated employees, and, as such, notice should be sent to members of the proposed collective. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' common policies described herein, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants, and are readily identifiable through Defendants' records.

## WISCONSIN CLASS ALLEGATIONS

68.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if set forth fully herein.

69.     Plaintiff also brings this action on behalf of herself and similarly situated employees pursuant to Fed. R. Civ. P. 23(a) and (b).

70. The Rule 23 Class is defined as: **All individuals who were employed by SOLEIMANI in Wisconsin as hourly-paid, non-exempt employees at any time within two (2) years prior to the filing of this complaint and present.**

71. The class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, Plaintiff believes that at least forty (40) putative class members have worked for Defendants during the applicable statutory period without receiving appropriate minimum wages and overtime compensation.

72. There are questions of law and fact common to the class that predominate over any questions solely affecting individual members of the class, including, but not limited to:

      a. Whether Defendants unlawfully failed to pay minimum wages to Plaintiff and members of the proposed class in violation of Wis. Stat. § 104.02 and Wis. Admin. Code § DWD 272.03;

      b. Whether Defendants unlawfully failed to pay overtime wages to Plaintiff and putative class members in violation of Wis. Stat. § 103.03 and Wis. Admin. Code § 274.03;

      c. Whether Defendants unlawfully failed to pay wages to Plaintiff and putative class members in violation of Wis. Stat. § 109.03;

73. Plaintiff's claims are typical of those of putative class members. Plaintiff, like other putative class members, was required to work off the clock and had her clock-in records altered, which resulted in her receiving compensation below the Wisconsin minimum wage and below time and a half her regular rate of pay for hours worked in excess of forty (40) per week.

74. Plaintiff will fairly and adequately protect the interests of the putative class members and have retained counsel experienced in complex wage and hour litigation.

75.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual employees lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants, particularly those with relatively small claims.

76.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3), because questions of law and fact common to the class predominate over any questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied putative class members wages for work they performed and to which they are entitled. The damages suffered by individual class members are small compared to the expense and burden of individual prosecution of this litigation.

77.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

78.     Plaintiff intends to send notice to all potential class members..

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF:
### INDIVIDUAL CLAIM FOR VIOLATION OF THE FLSA

79.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if set forth fully herein.

80.     At all relevant times, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e).

81.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate not less than the federal minimum wage for all hours worked.

82.     During the applicable statute of limitations, Plaintiff performed work for which she received less than the federal minimum wage.

83.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate not less than one and none and one-half times their regular rate of pay for work performed in excess of forty (40) hours per workweek.

84.     During the applicable statute of limitations, Plaintiff performed work in excess of forty (40) hours per workweek without receiving overtime compensation.

85.     Defendants' practices violate the FLSA including, but not limited to, 29 U.S.C. §§ 206 and 207. Because of these violations, Plaintiff has suffered a wage loss.

86.     Defendants' violation of the FLSA was willful.

87.     Defendants' violation of the FLSA was not in good faith.

88.     Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

89.     As a result of the foregoing, Plaintiff was illegally deprived of wages for each hour worked and overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## SECOND CLAIM FOR RELIEF:
## INDIVIDUAL CLAIM FOR VIOLATION OF WISCONSIN LAW

90.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if set forth fully herein.

91.      The foregoing conduct, as alleged, violates Wis. Stat. §§ 103.03, 104.02,

109.03, and Wis. Admin. §§ DWD 272.03 and 274.03.

92.     At all relevant times, Defendants have been, and continues to be, an "employer" within the meaning of Wis. Stat. §§ 103.001, 104.01 and 109.01(2).

93.     At all relevant times, Plaintiff was an employee within the meaning of Wis. Stat. §§ 103.001(5), 104.01(2), and 109.01(1r).

94.     Wisconsin law requires an employer to pay overtime compensation to all non-exempt employees. Wis. Stat. § 103.02; Wis. Amin. § DWD 274.03.

95.     Wisconsin law requires employers to pay employees at least the minimum wage for all hours. Wis. Stat. § 104.03; Wis. Admin. § DWD 272.03.

96.     Wisconsin law requires employers to pay employees all wages earned by a day not more than 31 days prior to the date of payment. Wis. Stat. § 109.03.

97.     Plaintiff is not exempt from the minimum wage and overtime pay requirements of Wisconsin law.

98.     During the applicable statute of limitations, Defendants failed and refused to pay wages, including minimum and overtime wages, to the Plaintiff.

99.     As a result of Defendants' willful failure to pay overtime, and minimum wages earned and due to Plaintiff, Defendants have violated, and continue to violate Wis. Stat. §§ 103.03, 104.03, 109.03, and Wis. Admin Code §§ DWD 272.03 and 274.03.

100.    Plaintiff seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendants, as provided by Wis. Stat. § 109.03(6).

101.    Plaintiff seeks damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 103.03, 104.03 and 109.03, and any  penalties due under Wis. Stat. §

109.11, as well as such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

### THIRD CLAIM FOR RELIEF: COLLECTIVE ACTION CLAIM FOR VIOLATION OF THE FLSA

102.    Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if set forth fully herein.

103.    During the applicable statute of limitations, Defendants had a common policy of failing to pay minimum wage to Plaintiff and members of the proposed collective.

104.    During the applicable statute of limitations, Defendants had a common policy of failing to compensate Plaintiff and members of the proposed collective at time and a half their regular rate of pay for hours worked in excess of forty (40) per week.

105.    Defendants' practices violate the FLSA including, but not limited to, 29 U.S.C. §§ 206 and 207. Because of these violations, Plaintiff and members of the proposed collective have suffered a wage loss.

106.    Defendants' violation of the FLSA was willful.

107.    Defendants' violation of the FLSA was not in good faith.

108.    Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

109.    As a result of the foregoing, Plaintiff and members of the proposed collective were illegally deprived of wages for each hour worked and overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## FOURTH CLAIM FOR RELIEF:
## CLASS ACTION CLAIM FOR VIOLATION OF WISCONSIN LAW

110.   At all relevant times, Plaintiff and members of the putative class were Defendants' employees within the meaning of Wis. Stat. §§ 103.001(5), 104.01(2), and 109.01(1r).

111.   Plaintiff and members of the proposed class are not exempt from the minimum wage and overtime pay requirements of Wisconsin law.

112.   During the applicable statute of limitations, Defendants had a policy and practice of failing and refusing to pay minimum wages to Plaintiff and members of the proposed class for all hours worked.

113.   During the applicable statute of limitations, Defendants had a policy and practice of failing and refusing to pay all overtime wages to Plaintiff and members of the proposed class for those weeks in which they worked in excess of 40 hours.

114.   As a result of Defendants' willful failure to pay overtime, and minimum wages earned and due to Plaintiff and members of the putative class, Defendants have violated, and continues to violate Wis. Stat. §§ 103.03, 104.03, 109.03, and Wis. Admin Code §§ DWD 272.03 and 274.03.

115.   Plaintiff, on behalf of herself and members of the proposed class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendants, as provided by Wis. Stat. § 109.03(6).

116.   Plaintiff, on behalf of herself and members of the putative class, seeks damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 103.03, 104.03 and 109.03, and any  penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and

proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for monetary, injunctive, and declaratory as follows:

A.  A declaratory judgment that Defendants' wage practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*

B.  An order for injunctive relief ordering the Defendants to end all of the illegal wage practices alleged herein pursuant to the FLSA.

C.  An order requiring Defendants, at their own expense, to investigate and account for the amount of overtime compensation owed to Plaintiff and putative collective members.

D.  Judgment for damages for all unpaid compensation under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*

E.  Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*

F.  Judgment for damages for all unpaid compensation under Wisconsin state law.

G.  Judgment for liquidated damages pursuant to Wis. Stat. § 109.11.

H.  Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled.

I.  An order directing Defendants to pay Plaintiff and members of the proposed collective and class, prejudgment interest, reasonable attorney's fees and all costs connected with this action.

J.  Incentive awards for the lead Plaintiff.

K.  Leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the court.

L.  Equitably tolling for the Collective effective the date of the filing.

M.  Such other and further relief as to this Court may deem necessary, just and proper.

Dated: March 2, 2015

**JTB LAW GROUP, LLC**

By: __/s/ Jason T. Brown
Jason T. Brown
*jtb@jtblawgroup.com*
155 2nd Street, Suite 4
Jersey City, NJ 07302
((201) 630-0000 (office)
(855) 582-5297 (fax)

*Attorney for Plaintiff*